**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GAIL HOWZE, individually, as representative and independent administrator of the ESTATE OF JAMES T. HOWZE, JR., deceased, Limited Liability Company

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 14-cv-10275

Judge Joan B. Gottschall

**MEMORANDUM OPINION & ORDER**

Plaintiff Gail Howze ("Howze") filed a complaint alleging survival, negligence, and deliberate indifference against Defendant United States of America ("United States"), after her son died from complications associated with ulcerative colitis while incarcerated at the Federal Correction Institute in Forrest City, Arkansas. On April 30, 2015, the United States filed a motion to transfer venue to the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, we grant the United States' motion to transfer this action to the United States District Court for the Eastern District of Arkansas.

## I. BACKGOUND

"When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless contradicted by affidavits or other appropriate evidence from the defendant." *Rendon v. Wexford Health Services, Inc.*, No. 10 C 8229, 2010 WL 5129818, at *1 (N.D. Ill. Dec. 10, 2010), *quoting Andrade v. Chase Home Fin., LLC,* No. 04

C 8229, 2005 WL 3436400, at *2 (N.D. Ill. Dec. 12, 2005). The following facts are taken from the complaint filed by Howze.

In April 2008, James T. Howze, Jr. ("decedent") was transferred to and incarcerated at the Federal Correctional Institution in Forrest City, Arkansas.[1] In March 2009, decedent began complaining of stomach pains. He was transported to the prison hospital in or about May 2009 due to chronic stomach pains and was diagnosed with ulcerative colitis. Decedent was then prescribed medication to treat his condition. Howze alleges that starting in our about June 2009, the prison guards would refuse to provide her son with his medication or delay delivery of the medication.

In July 2009, decedent's symptoms became worse, requiring multiple hospitalizations. His mobility became restricted and in 2010 he was limited to the lower bunk of his cell and was confined to a wheelchair. Decedent's pain continued throughout 2010, and Howze alleges that her son requested access to outside medical treatment to address his medical issues that were not being handled in the jail.

On May 9, 2010, decedent was admitted to a hospital outside the prison because of severe exacerbation of his ulcerative colitis and anemia. Unfortunately, decedent was not responding to medical treatments and required blood transfusions and a total colectomy on May 18, 2010. He died four days later, on May 22, 2010, with the official cause of death being ulcerative colitis with complications. Howze then brought the instant two-count action sounding in Negligence/Wrongful Death and Deliberate Indifference under the Federal Tort Claims Act, § 2671 *et seq*. ("FTCA") after exhausting all administrative remedies pursuant to § 2675(a) of the FTCA.

---

[1] It is unclear where decedent was transferred from, but the parties do not dispute that the events giving rise to the allegations in the complaint occurred in Forrest City, Arkansas.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice, a court may transfer any civil matter to another district where venue is proper. The moving party must show the following: (1) venue is proper in the district where the action was originally filed; (2) venue would be proper in the transferee court; (3) the transfer will serve the convenience of the parties and witnesses as well as the interests of justice. *See Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n*, 525 F.Supp.2d 1039, 1044 (N.D. Ill. 2007). The parties do not dispute that venue is proper in the Norther District of Illinois, as this is where Plaintiff Howze resides. 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States…may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."). The parties also do not dispute that venue would be proper in the purported transferee district, the Eastern District of Arkansas, as the events giving rise to the allegations in the complaint occurred in Forrest City, Arkansas. *Id.* The only question, then, is whether the third prong in § 1404(a) is satisfied.

In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *Morton Grove Pharm., Inc.*, 525 F.Supp.2d at 1044, *citing N. Shore Gas Co. v. Salomon, Inc.*, 896 F.Supp. 786, 791 (N.D. Ill. 1995). The factors relevant to the parties' private interest including the following: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F.Supp.2d 829, 835 (N.D. Ill. 2004). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient

administration of justice. *Coll. Craft Cos., Ltd. v. Perry*, 889 F.Supp. 1052, 1056 (N.D. Ill. 1995). As the party seeking to transfer the present case, the United States has the burden to show that the Eastern District of Arkansas is "clearly more convenient" than the Northern District of Illinois. *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Lewis v. Grote Indus., Inc.*, 841 F.Supp.2d 1049, 1053 (N.D. Ill. 2012).

**A. Plaintiff's Choice of Forum**

The plaintiff's choice of forum is normally given substantial weight when the court considers a motion to transfer. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F.Supp.2d 731, 736 (N.D. Ill. 2007). Here, Howze chose to file suit in the Northern District of Illinois. Standing alone, this fact weighs against transfer.

However, "where plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim…the deference traditionally given to selection is lessened." *Rendon v. Wexford Health Services, Inc.*, No. 10 C 1590, 2010 WL 5129818, *4 (N.D. Ill. Dec. 10, 2010), *quoting Brady v. Hanger Orthopedic Group, Inc.*, No. 05 C 0492, 2006 WL 2560953, at *2 (N.D. Ill. Aug. 30, 2006). In a situation where there is a weak relationship between the operative facts and the plaintiff's chosen forum, the plaintiff's choice becomes "only one of the many factors the court considers." *D'Ancona & Pflaum LLC v. M2 Software, Inc.*, No. 00 C 7150, 2001 WL 873021, at *2 (N.D. Ill. Aug. 2, 2001).

In this case, as in the case in *Rendon*, the connection between the Northern District of Illinois and the operative facts is tenuous at best. Plaintiff Howze, the independent administrator of James T. Howze, Jr.'s estate, resides in the Northern District of Illinois, as do decedent's two children, sister, and fiancée. However, as discussed below, the operative facts occurred entirely outside this district as the federal correctional facility that housed decedent is located in Forrest

City, Arkansas, which is located in the Eastern District of Arkansas. Accordingly, Howze's choice of forum is entitled to minimal weight.

**B. Situs of Material Events**

The plaintiff's choice of forum is given less deference if another forum has a stronger relationship to the dispute. *See Powell v. Sparrow Hosp.*, No. 09 C 3239, 2010 WL 582667, at *3 (N.D. Ill. Feb. 12, 2010). In her complaint, Howze alleges the following: during the relevant time period, decedent (a) was housed in a correctional facility in Arkansas; (b) was diagnosed with his medical ailment in Arkansas; (c) was treated for his medical ailment in Arkansas both at the prison and a local hospital; and (d) passed away in Arkansas due to the alleged negligence of the employees of the federal correctional center. Despite these allegations, Howze argues that not all of the "material events" occurred within the Eastern District of Arkansas.

To support her argument, Howze alleges that "there was substantial communication with telephone calls and emails between the decedent, James Howze, and Plaintiff Gail Howze regarding his situation, medical condition and lack of treatment." Howze also alleges that she sought the assistance of Senators Richard ("Dick") Durbin and Roland Burris about the treatment that her son was receiving at the federal prison in Arkansas.[2] Finally, Howze alleges that she received correspondence from other inmates at the prison in Arkansas regarding her son and his medical condition.

The court is unconvinced of Howze's position. The communications that Howze allegedly sent and received are tangential to the actual issue in this case—the treatment, or lack thereof, received by decedent for his medical condition. The case cited by Howze in support of her position that these communications support venue, *Master Tech Products, Inc. v. Smith*, 181

[2] Defendant correctly points out that the complaint and accompanying attachments are devoid of any reference to letters being sent to Senators Durbin and Roland.

F.Supp. 2d 910 (N.D. Ill. 2002), is inapposite. The issue in *Master Tech* was whether communications sent and received by a party, coupled with other acts, were enough to establish personal jurisdiction and proper venue. There is no question that personal jurisdiction and venue in the Northern District of Illinois are proper in this case. In fact, venue in this district is a prerequisite in order for this court to consider whether or not it can transfer this case pursuant to 28 U.S.C. § 1404(a).

Taking the allegations of the complaint as true, the court finds that the majority, if not the entirety, of the events giving rise to the allegations in the complaint took place in Forrest City, Arkansas. Accordingly, this factor weighs heavily in favor of transfer.

**C. Availability of Evidence**

The next factor the court considers—the location of the documents—generally has little impact on the § 1404(a) analysis because technology has made the transfer of documents across even great distances relatively easy. *See Rabbit Tanaka Corp. USA v. Paradise Shops, Inc.*, 598 F.Supp.2d 836, 840 (N.D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town."). To the extent that it *is* a factor, the location of documents favors transfer as all of the documents in this case, save for the correspondence received and sent by Howze, are located in Arkansas. However, given the advanced digital age in which we live, the element is in equipoise.

**D. Convenience of the Parties and Witnesses**

The party seeking transfer, the United States in this case, bears the burden of specifying the key witnesses to be called and summarizing their expected testimony. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167-68 (N.D. Ill. 1995). Moreover, when considering the

convenience of witnesses, the court must evaluate the nature and relevance of the expected testimony instead of merely comparing the length of each party's witness list. *Id.* at 1168. This analysis favors transfer. While Howze claims that five potential witnesses[3] are located in the Northern District of Illinois, none of them were direct witnesses to the treatment, or lack thereof, received by the decedent and therefore have limited personal knowledge. *Luera v. Godinez*, No. 13 C 2041, 2015 WL 1538613, at *3 (N.D. Ill. Mar. 30, 2015). Although the witnesses listed by Howze could potentially offer testimony regarding the decedent's health prior to his imprisonment in Arkansas, that is not an argument offered by Howze to rebut the United States' position that many, if not all, of the prison guards and medical providers who have first-hand knowledge of Howze's condition are located in Arkansas.

However, the convenience of party witnesses is less relevant than the convenience of non-party witnesses since party witnesses normally must appear voluntarily. *See, e.g., First Nat'l Bank v. El Camino Res. Ltd.*, 447 F.Supp.2d 902, 913 (N.D. Ill. 2006). "The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer." *Id.* Among the key non-party witnesses that the United States will likely call as witnesses are the numerous hospital personnel who cared for or treated the decedent prior to and at the time of his death. There also may be independent contractors or former employees of the prison over whom the prison no longer retains control. Howze fails to identify any other witness it seeks to call from within this district. Accordingly, this factor weighs in favor of transfer.

**E. Interest of Justice**

In addition to considering the parties' private interests, the public interests of the court must also be considered. *Morton Grove Pharmaceuticals*, 525 F.Supp.2d at 1046. The public factors relevant to this inquiry include the "court's familiarity with the applicable law, the speed

[3] Howze, decedents' two children (ages unknown), decedent's sister, and decedent's fiancée.

at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *First Nat'l Bank*, 447 F.Supp2d at 912.

It is undisputed that, under the FTCA, liability is determined in accordance with the law of the state in which the act or omission occurred. 28 U.S.C. § 1346(b)(1). Because the incident in question took place in Arkansas, the Eastern District of Arkansas is more likely to be familiar with the governing law in this case. However, because the "interest of justice" inquiry mainly focuses on administrative concerns rather than the merits of the underlying dispute, the Eastern District of Arkansas' familiarity with the applicable law only slightly favors transfer. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

Although one of the public factors considered is the "speed at which the case will proceed to trial," courts have looked at the time from filing to disposition as a valid consideration. *Tuholski v. Delavan Rescue Squad, Inc.*, No. 13 C 1093, 2013 WL 6038428 (N.D. Ill. Nov. 13, 2013). The median number of months from filing to trial favors the Eastern District of Arkansas, by approximately a full year (22.2 months versus 34.2 months).[4] However, the median number of months from filing to disposition of a civil case favors the Northern District of Illinois over the Eastern District of Arkansas. (7 months versus 13.1 months). As a result, this factor does not necessarily favor transfer.

Finally, while Illinois surely has an interest in litigating disputes that involve a resident's death,[5] the central events alleged to have taken place in this matter all happened in Forrest City, Arkansas. The decedent was incarcerated in Arkansas, diagnosed in Arkansas, received

---

[4] Federal Court Management Statistics, *available at:* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2014/12/31-2 (last visited December 23, 2015)

[5] Although Howze implies in her Response to the Motion to Transfer that her son was a resident of Illinois, there is nothing in the complaint concerning decedent's residency.

treatment in Arkansas, and passed away in Arkansas. Therefore, Arkansas has significant interest in resolving the claim.

**F. Summary of Factors**

After analyzing the factors for transfer under 28 U.S.C. § 1404(a), the court finds that these factors warrant transfer of this action to the Eastern District of Arkansas. In particular, the situs of material events, the convenience of the non-party witnesses, and the interests of justice weigh significantly in favor of transfer.

## IV. CONCLUSION

For the reasons stated above, this case is hereby transferred to the Eastern District of Arkansas. It is so ordered.

Date: November 23, 2015 /s/

Joan B. Gottschall
United States District Judge